# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

Mark Edward Mahaffey,

     Petitioner,

v.

Debra Scutt,

     Respondent.

_____/

Case No. 12-cv-13743
Hon. Judith E. Levy
Mag. David R. Grand

## AMENDED OPINION AND ORDER DENYING (1) THE PETITION FOR WRIT OF HABEAS CORPUS, (2) A CERTIFICATE OF APPEALABILITY, AND (3) LEAVE TO APPEAL IN FORMA PAUPERIS

Mark Edward Mahaffey ("petitioner"), who is confined at the Michigan Reformatory in Ionia, Michigan, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  In his *pro se* application, petitioner challenges his conviction for one count of criminal sexual conduct, second-degree (person under 13), M.C.L.A. 750.520c(1)(a).  For the reasons stated below, the Court will DENY the petition for writ of habeas corpus.

## I.  BACKGROUND

1

Petitioner was charged with sexually assaulting two of his step-children, Lacey and Maggie Simon.   Thomas, their older brother, testified at the Preliminary Examination that he witnessed an assault on Lacey Simon.   Petitioner had another child with the children's mother by the name of Sierra Mahaffey, who was a baby at the time of the assaults. (March 29, 2010, Presentence Report, p. 5; Preliminary Examination Transcript [PE Tr.], May 13, 1998, pp. 10-11, 45). Lacey, age 9, (PE Tr. pp. 45, 70), testified that petitioner sexually molested her. (PE Tr., pp. 12-23).   The Presentence Report contains Lacey's detailed description of some of the episodes.  (Presentence Report, p. 6). The assaults began when she was six or seven years old, (PE Tr. p. 19), and lasted for a period of two years. (PE Tr., p.4).  Maggie Simon, age 6, also testified that petitioner sexually molested her. (PE Tr., pp. 48-56). Thomas Simon, age 11, testified that he saw petitioner acting inappropriately with Lacey. (PE Tr., pp. 74-75).

Petitioner pleaded no contest to one count of criminal sexual conduct, second-degree, before the Jackson County Circuit Court, in exchange for dismissal of a charge of first-degree criminal sexual

2

conduct and dismissal of another second-degree criminal sexual conduct charge. The trial court sentenced petitioner to a delayed sentence with the agreement that if petitioner complied with certain terms and conditions of probation, the conviction would be reduced to fourth-degree criminal sexual conduct. (Tr. February 18, 1999, p. 8). Petitioner was found to be in violation of these terms and was subsequently sentenced to 5-15 years imprisonment.

The Michigan Court of Appeals denied leave to appeal. *People v. Mahaffey,* No. *229300*, (Mich.Ct.App. October 5, 2000). Petitioner did not appeal further.

In 2008, Petitioner filed a post-conviction motion for relief from judgment pursuant to M.C.R. 6.500, *et. seq.*, based on newly discovered evidence in the form of a recanting letter from Thomas Simon, the brother of the victims. The trial court denied the motion. *People v. Mahaffey*, No. 98-88520-FC (Jackson County Circuit Court May 16, 2008). Petitioner did not appeal further. In 2009, petitioner filed a second post-conviction motion for relief from judgment pursuant to M.C.R. 6.500, *et. seq.*, based on newly discovered evidence in the form of

3

a recanting letter from Maggie Simon, one of the victims, which the Jackson County Circuit Court scheduled for an evidentiary hearing. *People v. Mahaffey*, No. 02-26455-FC (Jackson County Circuit Court, December 16, 2009). Following the hearing on the motion, the trial court amended the information, deleting the name of one of the victims (Maggie Simon), and deleting mention of either Thomas or Maggie Simon's names from the presentence report. The trial court then resentenced the petitioner. *People v. Mahaffey*, No. 02-26455-FC (Jackson County Circuit Court, March 5, 2010); (Tr. April 20, 2010, p. 3). Petitioner then appealed the resentencing, which was denied. *People v. Mahaffey*, No. 301958, (Mich.Ct.App. February 4, 2011); *lv. den.* 490 Mich. 858, 802 N.W.2d 338 (2011).

Petitioner seeks a writ of habeas corpus on the following grounds:(1) "new trial due to new evidence;" (2) "challenging the plea;" and (3) ineffective assistance of counsel.[1]

---

[1]The Court notes that respondent failed to address issues two or three in his answer. Petitioner, however, is not entitled to habeas relief because of respondent's failure to respond to these issues, because to do so "would be tantamount" to granting a default judgment to petitioner in this case, which is a form of relief unavailable in habeas proceedings. *Alder v. Burt*, 240 F. Supp. 2d 651, 677 (E.D. Mich. 2003) (citing to *Allen v. Perini*, 424 F. 2d 134, 138 (6th Cir. 1970)); *See also Gordon v. Duran*, 895 F. 2d 610, 612 (9th Cir. 1990) (failure of state to respond to five of eight claims raised in habeas petition did not entitle habeas petitioner to default judgment on those claims). The Court will address all of petitioner's claims contained within his petition for a writ of habeas corpus.

4

## II.  STANDARD OF REVIEW

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000).  An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to

5

the facts of a prisoner's case." *Id.* at 409.  A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

The Supreme Court has explained that "[A] federal court's collateral review of a state-court decision must be consistent with the respect due state courts in our federal system." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).  The "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, 130 S. Ct. 1855, 1862 (2010)(quoting *Lindh v. Murphy*, 521 U.S. 320, 333, n. 7 (1997)); *see also Woodford v. Viscotti*, 537 U.S. 19, 24 (2002) (*per curiam*).  "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011) (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).  The Supreme Court has

emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* (citing *Lockyer v. Andrade,* 538 U.S. 63, 75 (2003)). Furthermore, pursuant to § 2254(d), "a habeas court must determine what arguments or theories supported or...could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. *Id.*

"[I]f this standard is difficult to meet, that is because it was meant to be." *Harrington,* 131 S. Ct. at 786. Although 28 U.S.C. § 2254(d), as amended by the AEDPA, does not completely bar federal courts from relitigating claims that have previously been rejected in state court, it preserves the authority for a federal court to grant habeas relief only "in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with" Supreme Court precedent. *Id.* Indeed, "Section 2254(d) reflects the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal."

7

*Id.* (citing *Jackson v. Virginia,* 443 U.S. 307, 332, n. 5 (1979))(Stevens, J., concurring in judgment)).  Thus, a "readiness to attribute error [to a state court] is inconsistent with the presumption that state courts know and follow the law." *Woodford,* 537 U.S. at 24.  Therefore, in order to obtain habeas relief in federal court, a state prisoner is required to show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington,* 131 S. Ct. at 786-87.

## III.  DISCUSSION

As a preliminary matter, the respondent contends that the petitioner's first claim is procedurally defaulted.  This Court notes that procedural default is not a jurisdictional bar to review of the merits of an issue, *see Howard v. Bouchard*, 405 F. 3d 459, 476 (6th Cir. 2005), and "federal courts are not required to address a procedural-default issue before deciding against the petitioner on the merits." *Hudson v. Jones*, 351 F. 3d 212, 215 (6th Cir. 2003)(citing *Lambrix v. Singletary*,

520 U.S. 518, 525 (1997)).  Application of a procedural bar would not affect the outcome of this case, and the Court deems it more efficient in this case to proceed directly to the merits.

### A.   Petitioner is not entitled to a new trial due to new evidence.

Petitioner contends that he has newly discovered evidence that two of the witnesses for the prosecution recanted their testimony, thereby establishing that he is innocent of the criminal sexual conduct charges.

In *Herrera v. Collins*, 506 U.S. 390, 400 (1993), the Supreme Court held that claims of actual innocence based on newly discovered evidence fail to state a claim for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding.  *Id.*  Federal habeas courts sit to ensure that individuals are not imprisoned in violation of the constitution, not to correct errors of fact.  *Id.*, *see also McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931 (2013) ("We have not resolved whether a prisoner may be entitled to habeas relief based on a freestanding claim of actual

9

innocence"). Freestanding claims of actual innocence are thus not cognizable on federal habeas review, absent independent allegations of constitutional error at trial. *See Cress v. Palmer*, 484 F.3d 844, 854-55 (6th Cir. 2007) (collecting cases).

Moreover, the Supreme Court's subsequent decision in *House v. Bell*, 547 U.S. 518 (2006) does not alter this Court's adjudication of petitioner's claim, as the Supreme Court again in that case declined to resolve whether a habeas petitioner may bring a freestanding claim of actual innocence. *Id*. at 554-55. Although the Supreme Court noted that "in a capital case a truly persuasive demonstration of 'actual innocence' made after trial would render the execution of a defendant unconstitutional, and warrant federal habeas relief if there were no state avenue open to process such a claim," *Id*. (quoting *Herrera*, 506 U.S. at 417), the Supreme Court has declined to recognize a freestanding innocence claim in habeas corpus, outside of the death-penalty context. Petitioner's claim of new of evidence, therefore, is not sufficient on its own. The new evidence brought forward by petitioner, further recanting affidavits and witnesses, is viewed with "extreme

10

suspicion." *United States v. Chambers*, 944 F. 2d 1253, 1264 (6th Cir. 1991); *see also Byrd v. Collins*, 209 F. 3d 486, 508, n. 16 (6th Cir. 2000). "Skepticism about recantations is especially applicable in cases of child sexual abuse where recantation is a recurring phenomenon." *United States v. Miner*, 131 F. 3d 1271, 1273-1274 (8th Cir. 1997)(quoting *United States v. Provost*, 969 F. 2d 617, 621 (8th Cir. 1992)); *Wilson v. Rogers*, 125 F.3d 856 (6th Cir. 1997).  In these cases when family members are involved, the child frequently has feelings of guilt for putting the family member in prison or another member of the family might push the child to change the story. *Miner*, 131 F.3d at 1274.  In light of the fact that, in the petitioner's case, Maggie Simon's preliminary examination testimony was corroborated by the testimony of her brother, Thomas Simon, as well as the unrecanted testimony of her sister Lacey Simon (the other victim in the case), the Court does not view Maggie Simon and Thomas Simon's alleged recantations as reliable enough to grant petitioner habeas relief on the basis of newly discovered evidence.

In considering federal habeas petitions, a federal district court must presume the correctness of state court factual determinations, and a habeas petitioner may rebut this presumption only with clear and convincing evidence. *Bailey v. Mitchell*, 271 F.3d 652, 656 (6th Cir.2001); *Jones v. Smith*, 244 F.Supp.2d 801, 808 (E.D.Mich.2003); 28 U.S.C. § 2254(e)(1). The petitioner has the burden of rebutting this presumption "by clear and convincing evidence." 22 U.S.C. § 2254(e)(1). Furthermore, a federal court "may consider how the timing of the submission and the likely credibility of the affiants bear on the probable reliability of that evidence." *Schlup v. Delo*, 513 U.S. 298, 332 (1995).

There are a number of problems with the two recanting "affidavits." First, the purported "affidavits" are in the form of unauthenticated letters, one from the brother of the victims and one from one of the victims. In general, an unsworn affidavit from a recanting witness is of questionable validity. *See Cress*, 484 F. 3d at 855 (rejecting actual innocence claim that was based in part on an unsworn statement from a recanting witness).

Petitioner attached the brother's "affidavit," recanting the testimony given at the preliminary examination, to his first motion for relief from judgment.  After reviewing the older brother's "affidavit," the trial court issued an order denying petitioner's first motion for relief from judgment finding that he "failed to show good cause or actual prejudice."  The court also held that although petitioner "challenges the plea, he has not shown any defect in the plea."  When considering the brother's letter recanting the testimony given at the preliminary exam, the trial court judge denied petitioner's request to withdraw his plea citing:

> [T]here was other testimony besides Thomas Simon, and Defendant has failed to attach any affidavit which establishes that the plea was involuntary.
>
> Even if the statements in Thomas Simon's letter were repeated in an Affidavit, he does not in any way establish the Defendant's innocence.  He simply says that he is unable to corroborate what his sister said; although, in fact, he believes what they said.  As such, even if this was in affidavit form it would still be insufficient.

*People v. Mahaffey,* No. 98-88520-FC (Jackson County Circuit Court May 16, 2008).

13

Petitioner's second motion for relief from judgment attached the letter allegedly written by one of the victims (Maggie Simon) who also recanted her testimony. The purported affidavit from Maggie Simon is even more problematic than the statement from the brother. The trial court issued an order, in connection with the second motion for relief from judgment, finding that the letter claiming that she lied was unclear as to when it was written, whether she had assistance in writing the letter, to whom it was originally sent, or when petitioner received a copy. The trial court judge ascertained from the letter that it was allegedly written when she was 16 years old, 10 years from when she claimed petitioner inappropriately touched her at age 6. The court further found that since neither letter was notarized (though attributed to the older brother, Thomas, and one of the victims, Maggie), it could not be certain who wrote the letters. Furthermore, the purported affidavit of the victim does not offer any convincing explanation as to why she waited ten years to recant her testimony. *See Lewis v. Smith*, 100 Fed. Appx. 351, 355 (6th Cir. 2004) (proper for district court to reject as suspicious a witness' recanting affidavit made

14

two years after petitioner's trial); *Strayhorn v. Booker*, 718 F. Supp. 2d 846, 874 (E.D. Mich. 2010) (long-delayed affidavit of accomplice recanting statement to police did not establish petitioner's actual innocence when it was made almost two years after petitioner's trial); *Olson v. United States*, 989 F.2d 229, 231 (7th Cir. 1993)(recantation more than four years after trial testimony was dubious).

Here, the trial court concluded by ordering an evidentiary hearing which resulted in petitioner's motion being granted in part and denied in part. The trial court granted petitioner's motion in part by ordering a resentencing and ordering that "[t]he information be amended deleting Maggie Simon's name," and ordering that "[t]he presentence report be amended deleting all mention of either Thomas or Maggie Simon's names." The order also denied in part petitioner's motion without explanation. *People v. Mahaffey*, No. 02-26455-FC (Jackson County Circuit Court, March 5, 2010). A review of the prior order granting petitioner's evidentiary hearing clearly demonstrates that the trial court denied petitioner's second motion for relief from judgment in part based on the earlier finding that "Lacy (sic) had not recanted, and

15

even without Thomas's support, her testimony was far more incriminating than Maggie's." *See People v. Mahaffey*, No. 02-26455-FC, *3 (Jackson County Circuit Court, December 16, 2009). Although the trial court granted in part petitioner's motion for relief from judgment eliminating Maggie from the information and deleting mention of Maggie and Thomas from the presentence report, the most incriminating evidence to sustain petitioner's conviction did not come from the recanting witnesses. The court found sufficient evidence to sustain petitioner's conviction based on the testimony given by Lacey Simon and found that she had not recanted. Petitioner's request for relief based on new evidence is without merit.

## B. Petitioner is not entitled to withdraw his no-contest plea.

Petitioner's second claim alleges that under Michigan Law, he has a right to withdraw his no-contest plea. He also states that the evidence proves that he is innocent and that he stated on the record that he wanted to plead not guilty.

Petitioner has no absolute right to withdraw his no-contest plea. *See Shanks v. Wolfenbarger*, 387 F. Supp. 2d 740, 748, 655 (E.D. Mich.

2005) (internal citations omitted).  Unless the plea violated a clearly-established constitutional right, the state court's decision to deny a withdrawal of a criminal defendant's guilty or no-contest plea is discretionary.  *Id*.

A guilty or no-contest plea that is entered in state court must be voluntarily and intelligently made. *See Shanks*, 387 F. Supp. 2d at 749; *Doyle v. Scutt*, 347 F. Supp. 2d 474, 482 (E.D. Mich. 2004) (citing *Boykin v. Alabama*, 395 U.S. 238, 242 (1969)).  In order for a plea of guilty or no-contest to be voluntarily and intelligently made, the defendant must be aware of the "relevant circumstances and likely consequences" of his plea.  *Hart v. Marion Corr. Inst.*, 927 F. 2d 256, 257 (6th Cir. 1991); *Shanks*, 387 F. Supp. 2d at 749.  The defendant must also be aware of the maximum sentence that can be imposed for the crime for which he or she is pleading guilty or no-contest. *King v. Dutton*, 17 F. 3d 151, 154 (6th Cir. 1994).  When a petitioner brings a federal habeas petition challenging his plea of guilty or no-contest, the state generally satisfies its burden by producing a transcript of the state court proceedings showing that the plea was made voluntarily.

17

*Garcia v. Johnson*, 991 F. 2d 324, 326 (6th Cir. 1993).  The factual findings of a state court that the guilty plea was properly made are generally accorded a presumption of correctness, and the petitioner must overcome a heavy burden if the federal court is to overturn these findings by the state court. *Id*.

Petitioner argues that he should be allowed to withdraw his plea because he is actually innocent of the charges.[1]  The record reflects, however, that petitioner entered his plea of no-contest freely and voluntarily, and petitioner makes no claim otherwise.  Petitioner's second claim to withdraw his plea, therefore, is without merit.

## C. Petitioner fails to raise sufficient evidence of ineffective assistance of counsel to support his habeas petition.

Petitioner contends that he was deprived of the effective assistance of trial counsel when trial counsel failed to argue facts, failed to question the lack of a medical examination from a doctor, and failed to question Lacey Simon after her brother and sister recanted their statements.

---

[1] Petitioner is not entitled to relief based on a claim of actual innocence due to recanting witnesses. Because recantation testimony is regarded with "extreme suspicion," the victim's alleged recantation is not the type of reliable evidence that would establish petitioner's actual innocence to excuse his default. *See e.g. Carter v. Mitchell*, 443 F.3d 517, 539 (6th Cir. 2006).

18

An unconditional guilty plea constitutes a waiver of all pre-plea non-jurisdictional constitutional deprivations. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). A no-contest plea also constitutes a waiver of all non-jurisdictional defects. *United States v. Freed*, 688 F. 2d 24, 25 (6th Cir. 1982); *Shanks*, 387 F. Supp. 2d at 747. Pre-plea claims of ineffective assistance of trial counsel are considered nonjurisdictional defects that are waived by a guilty or no-contest plea. *United States v. Stiger*, 20 Fed. Appx. 307, 309 (6th Cir. 2001); *see Siebert v. Jackson*, 205 F. Supp. 2d 727, 733-34 (E.D. Mich. 2002) (habeas petitioner's claims regarding alleged deprivations of his constitutional rights that occurred before his guilty plea, as a result of his trial counsel's alleged ineffective assistance, were foreclosed by his guilty plea, where he stated at plea that he was satisfied with counsel's representation, and he did not complain of counsel's advice concerning plea agreement).

A reading of the plea transcript demonstrates that petitioner clearly waived his right to dispute facts and question witnesses at the time of the entry of his no contest plea. In regards to the allegation that "[a]ll attorneys before appeals court never did there (sic) job[,]" the

19

claim is unsupported and conclusory.  Conclusory allegations of ineffective assistance of counsel, without any evidentiary support, do not provide a basis for habeas relief.  *See Workman v. Bell*, 178 F.3d 759, 771 (6th Cir. 1998).  Petitioner's third claim is without merit.

## D.  Denial of petitioner's request for a certificate of appealability and to appeal *in forma pauperis.*

The Court will deny a certificate of appealability.  In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further.  *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).  When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be

20

debatable or wrong.  *Id*. at 484.  "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

For the reasons stated in this opinion, the Court will deny petitioner a certificate of appealability because reasonable jurists would not find this Court's assessment of petitioner's claims to be debatable or wrong.  *See Millender v. Adams*, 187 F. Supp. 2d 852, 880 (E.D. Mich. 2002).  The Court further concludes that petitioner should not be granted leave to proceed *in forma pauperis* on appeal, as any appeal would be frivolous.  *See* Fed.R.App. P. 24(a).

## V. ORDER

Accordingly, the Court DENIES WITH PREJUDICE the petition for a writ of habeas corpus.  The Court DENIES a certificate of appealability and leave to appeal *in forma pauperis*.

IT IS SO ORDERED.

Dated: August 25, 2014                    s/Judith E. Levy
Ann Arbor, Michigan                       JUDITH E. LEVY
                                          United States District Judge


## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 25, 2014.

                                          s/Felicia M. Moses
                                          FELICIA M. MOSES
                                          Case Manager